## SMITH v. McKEE.

1. **Guardian and Ward**: SETTLEMENT: WORTHLESS NOTE TAKEN BY WARD: WHOSE LOSS. Defendant's wife was plaintiff's guardian, and defendant was the surety on her bond, but she died shortly before the time when she had given notice that she would make her final settlement, and defendant took charge of the ward's estate and made the settlement, in which plaintiff accepted a note taken by the guardian for money loaned by her as such. The note was good when made, but proved to be worthless when so taken, but no representations were made by the defendant as to the solvency of the makers. Defendant's attorney, however, stated in the presence of both parties that he believed one of the makers to be good, whereupon the note was accepted. It does not appear that either the defendant or his attorney knew that the

makers were insolvent. *Held* that, as there was no fraud practiced, and as defendant did not hold a fiduciary relation to plaintiff, he was not liable to her for the amount of the note.

*Appeal from Jefferson Circuit Court.*

WEDNESDAY, OCTOBER 21.

ACTION to recover the amount of a promissory note received by the plaintiff under the circumstances stated in the opinion. Judgment for the defendant, and the plaintiff appeals.

*Leggett & McKemey*, for appellant.

*J. R. McCrackin*, appellee.

SEEVERS, J.—The defendant was the husband of the plaintiff's mother, who was the plaintiff's guardian, and the defendant was surety on the guardian's bond. Mrs. McKee died in 1878, and prior to her death she gave notice of her intention to make a final settlement as such guardian, but died before doing so. After the death of his wife, the defendant took charge of the ward's estate and made the final report, and there was a settlement of the accounts and an adjustment of the amount due the plaintiff, who at that time was married, and, by agreement between her and her husband and the defendant, she accepted a promissory note in part payment of the amount due her from the guardian. Said note was executed for money borrowed by the makers of the guardian. When the money was loaned and the note given the makers were solvent, but they had become insolvent at the time of the settlement, and neither the plaintiff nor defendant was aware of this fact. The attorney who assisted the defendant in making the settlement stated in the presence of the plaintiff and defendant, at the time the note was paid over to the former, that he believed "I. S. Sutter, one of the makers of said note, and surety thereon, to be

good, but that the other maker was not good." Thereupon, the plaintiff relying on such statement and believing the note to be good and the makers to be solvent, &ast; &ast; &ast; the note was by her accepted." The attorney had no knowledge of the insolvency of the maker of the note that he represented to be good. The foregoing are substantially the facts found by the court.

The defendant was not the guardian of the plaintiff, nor did he sustain any fiduciary relation to her. He made no representations, and, conceding that he is bound by what the attorney said, there was no fraud perpetrated. The attorney believed what he said to be true. The note was found among the assets of the estate in the hands of the guardian, and it represented the ward's money loaned to the makers of the note by the guardian. The makers were solvent when the note was made, and there is nothing in the finding of facts which tends to show negligence in any respect on the part of the guardian or on the part of the defendant. It is doubtful, to say the least, whether under the circumstances the loss should not be borne by the plaintiff. But the plaintiff, in reliance on the statement, and believing the note to be good, accepted it. She therefore did not rely wholly on what the attorney said, but acted in part on her own belief as to the solvency of the makers of the note. As there was no fraud in the transaction, or any fiduciary relation existing between the plaintiff and the defendant, we think the plaintiff is remediless. The law cannot in all cases protect the careless and negligent. The plaintiff should have made inquiry. There is nothing to show that the defendant or his attorney had any better or other means of knowledge than the plaintiff had.

AFFIRMED.